## CHASE *v.* WILLARD.

A technical breach of warranty of title to chattels, resulting in no appreciable damage to the vendee, does not give him the right to rescind the contract.

TROVER, for $175 in bank bills.  Facts found by the court. The defendant sold and delivered to the plaintiff certain chattels, " warranted free from any incumbrance," for $175, which was paid in bank bills.  The chattels were subject to a mortgage to McKean, who verbally authorized the defendant to make the sale. The plaintiff did not learn of the mortgage till some time later, when, claiming the right to rescind the sale on that account, he tendered the chattels to the defendant and demanded the bills.

*George B. French,* for the plaintiff.

*William W. Bailey,* for the defendant.

*Per Curiam.*\*   The plaintiff has suffered no practical damage by the alleged breach of the warranty of title.  It was his intention to receive, and the defendant's intention to convey to him, an

---

\* See foot-note on page 80.

absolute title to the chattels. The written warranty that they were "free from any incumbrance" means that the title conveyed should be absolute in the vendee. Whether the vendor had in fact the entire right of disposing of the chattels is immaterial, for by the sale that right passed to the plaintiff. The statute (G. L., c. 137, s. 13) prohibiting the mortgagor from selling the mortgaged property without the consent of the mortgagee in writing upon the mortgage did not prevent the title from passing. *Gage* v. *Whittier*, 17 N. H. 312; *Patrick* v. *Meserve*, 18 N. H. 300; *Roberts* v. *Crawford*, 54 N. H. 532; *Bank* v. *Raymond*, 57 N. H. 144. If the defendant had not the right of selling the property to every one, he had the right of selling it to the plaintiff free from any incumbrance; and the plaintiff having received the title he contracted for, cannot now rescind the contract on the ground that the defendant had not the right to sell the property generally, or to dispose of it in all ways as the absolute owner of it. It is not understood that a technical breach of a contract of warranty in an immaterial respect, resulting in no appreciable damage to the vendee, authorizes him to repudiate the contract and exercise the remedial power of rescission. 2 Kent Com. 475, 476; 2 Sch. Per. Prop., s. 597; *Stoddart* v. *Smith*, 5 Binn. 355, 363; *Case* v. *Hall*, 24 Wend. 102; *Flight* v. *Booth*, 1 Bing. N. C. 370, 377. Whether assumpsit for nominal damages or an action for a breach of the warranty could be maintained we need not inquire. It would be inequitable to allow an amendment to be made for the purpose of raising either of those questions.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.